FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUN 2 2 2009

JAMES N. HATTEN, Clerk
By /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL DANIELS, INMATE NO. 02645-089, Plaintiff, | :: :: :: | FEDERAL TORT CLAIMS ACT 28 U.S.C. §§ 1346(b), 2671 et seq. |
| v. | :: :: | |
| UNITED STATES OF AMERICA, Defendant. | :: :: | CIVIL ACTION NO. 1:09-CV-1166-TWT |

## ORDER AND OPINION

Plaintiff, Michael Daniels, presently confined in the United States Penitentiary in Coleman, Florida, has filed the instant pro se civil action, under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. 1). On May 28, 2009, this Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4). This matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. The Legal Framework

A.  28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section

AO 72A
(Rev.8/82)

1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

B.  FTCA Cause of Action

The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); United States v. Smith, 499 U.S. 160, 166-67 & n.9 (1991) (noting § 2679(b)(2) exceptions to exclusive remedy provision, which allow injured plaintiffs to obtain "remedy for torts committed by Government employees in the scope of their employment" in actions brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), or "under a federal statute that authorizes recovery against a Government employee").

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of

this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1), which also provides that liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

## II. **The Complaint**

In this action, Plaintiff names the United States as the sole Defendant. (Doc. 1). Plaintiff alleges that on September 20, 2006, doctors, "acting as the agent, servant, and employee of Defendant," performed surgery on Plaintiff's prostate without first obtaining his written, informed consent or conducting a biopsy to determine whether he had cancer. (Id. at 2-3). After the surgery, "it was discovered that" Plaintiff did not have cancer and "could have been treated with . . . anti-inflammatory prostate drugs." (Id. at 3). Plaintiff states that, as a result of the unnecessary surgery, he has "become disabled, unsexable [sic], and

3

disfigured" and can no longer "naturally procreate progeny and offspring." (Id. at 4). Plaintiff seeks monetary relief. (Id.).

### III. Discussion

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure "to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the agency's mailing the notice of final denial of the claim. 28 U.S.C. § 2401(b). Under 28 C.F.R. § 14.9(b), "[p]rior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant . . . may file a written request with the agency for reconsideration of a final denial," and "the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration."

In this case, Plaintiff acknowledges that he presented his claim to the appropriate federal agency on October 10, 2008. (Doc. 1 at 1). Plaintiff contends,

4

however, that his delay in filing the administrative claim should be excused because his institution was "on lockdown" on September 20, 2008, the day his claim was due. (Id.). Plaintiff attaches a letter from the agency dated October 24, 2008, refusing to accept Plaintiff's claim for filing and returning it unanswered because Plaintiff failed to file the claim within the statutory two-year time period. (Id., Ex. A). Plaintiff resubmitted his claim to the agency, arguing that it was timely filed because his institution was on lockdown from July through November of 2008. (Id., Ex. B). In a letter dated January 23, 2009, the agency again refused to accept Plaintiff's claim and returned it to him unanswered, finding that it was barred by the two-year limitations period. (Id.).

This Court finds that Plaintiff's claim is time-barred. Plaintiff acknowledges that his claim accrued on September 20, 2006, the date his prostate surgery was performed. (Doc. 1 at 1). Plaintiff does not state when he learned that the surgery was unnecessary, but does contend that he verbally protested the surgery before it was performed. (Id.). Accordingly, Plaintiff's claim should have been filed no later than September 21, 2008. Plaintiff did not file a claim until October 10, 2008, beyond the two-year limitation period for filing FTCA claims. Thus, Plaintiff's claim is untimely.

Generally, "statutes of limitations are subject to equitable tolling."[1] Robinson v. United States, No. 07-10506, 2007 WL 2988759, at *3 (11th Cir. Oct. 15, 2007) (citing United States v. Locke, 471 U.S. 84, 94 n.10 (1985)). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). According to the attachments to Plaintiff's complaint, his prison was on lockdown during 2008 between January 7 and 28, April 15 and 21, July 8 and 11, July 29 and August 25, and August 29 and September 22. (Doc. 1, Ex. B, Mem. dated Sept. 22, 2008). Excluding these periods of lockdown, Plaintiff had approximately 19 months from the date of his surgery to submit his administrative claim. No explanation is given as to why Plaintiff could not have prepared and filed his claim during this time, including any of the four months of 2008 when his prison was not in lockdown status. Therefore, this Court finds that Plaintiff has

---

[1] The United States Court of Appeals for the Eleventh Circuit, however, has not yet decided whether equitable tolling is "available for untimely claims brought under the FTCA." Torjagbo v. United States, 285 Fed. Appx. 615, 618 (11th Cir. 2008) (unpublished).

not demonstrated "extraordinary circumstances" that would justify the late filing of his administrative claim, and this case is subject to summary dismissal.

### IV. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant pro se civil rights complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this _19_ day of _June_, 2009.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE